The Chancellor,.
The first question raised by the bill is,, whether an injunction should issue to restrain a person acting under claim of right to premises, from committing trespass thereon.
From a careful examination of the authorities upon the point, I am satisfied that the court of chancery should not interfere in a case of naked tresspass, where there is a full remedy at law. Yet where the circumstances of the case are so peculiar, as to bring it under the head of quieting a possession, or preventing a multiplicity of actions, or to put the value of the inheritance in jeopardy, or to threaten irreparable mischief, whether these circumstances relate to mines, quarries or woodland, this court will interfere. 6 John. C. R. 497; 7 John. C. R. 333.
*453 The injury may be irreparable, either from the nature of the injury itself, or from the want of responsibility in the person committing it. Hart v. Mayor of Albany, 3 Paige, 214; Smallman v. Onions, 3 Brown, C. R. 623.
The embarrassment which is felt by the courts upon this subject arises, not so much from the want of a clear perception of the principle, as from the difficulty of its application to the ever varying cases that are continually arising. In applying it to woodland, particularly, it is not always easy to discriminate between the mere trespass, and the irreparable mischief, which may destroy the inheritance, or jeopard its value. That being done, the case is clear.
The charge of insolvency, if relied upon as a ground of equity, must be clearly and distinctly made out, and will be acted upon with great caution. In this case, the bill charges threats to cut off the whole of the timber growing upon a cedar swamp, where, by the natural growth, it could not be replaced in less than two, perhaps, three lives. If such threats were made and should be executed, the value of the inheritance must be put in jeopardy, perhaps destroyed, at least, the present value of the premises would be lost, and in this view the injunction was granted.
But the defendants, by their answer, deny the whole equity of the bill. They deny that the premises, on which the alleged mischief has been done, are within, or upon any part of those described in the complainant’s title, as set forth in the bill. They deny any threats to cut off the whole timber, and the cutting of any, except of the dead timber, destroyed by fire, and two or three trees partly dead, and any intention of cutting other than the dead timber, and consequently, deny the irreparable injury charged. Upon this answer, the injunction must be dissolved, with costs.
Order accordingly.